FILED JS
US DISTRICT COURT
WESTERN DISTRICT CLERK
DISTRICT OF KY
APR 26 PM 5:

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: DOLLAR GENERAL CORP. FAIR
LABOR STANDARDS ACT LITIGATION                MDL No. 1635

---

**MOTION TO RE-OPEN, TRANSFER AND CONDOLIDATE PRE-TRIAL MATTERS
PURSUANT TO 28 U.S.C. § 1407 IN THE NORTHERN DISTRICT OF ALABAMA**

---

COME NOW the Plaintiffs and request that the matter of <u>In Re: Dollar General Corp. Fair Labor Standards Act Litigation</u>, MDL No. 1635, pending before the United States Judicial Panel of Multidistrict Litigation be re-opened for the purpose of transfer and consolidation of pre-trial matters. Pursuant to Rule 7.2(d) of the Rules of Procedure of Judicial Panel on Multidistrict Litigation and 28 U.S.C. § 1407, Plaintiffs hereby move to transfer and consolidate pre-trial matters relating to the cases in the schedules attached hereto as Exhibits A, B and C, and request that tag-along procedures be utilized in transferring these actions to the United States District Court for the Northern District of Alabama.

On or about March 23, 2010, the Panel was notified that the actions in the above litigation had been reassigned to the Honorable L. Scott Coogler by the Northern District of Alabama. As such, the Panel entered an order that the litigation was reassigned to Judge Coogler for coordinated or consolidated pre-trial proceedings. Notwithstanding the individual cases Judge Coogler has recently transferred out, he currently has the collective action <u>Cynthia Richter, on behalf of herself and others similarly situated v. Dolgencorp, Inc., Dolgencorp of New York, Dolgencorp of Texas, and Dollar General Partners</u>, Civil Action No. 7:06-cv-01537-LSC, in the U.S. District Court for the Northern District of Alabama (the "Richter Action"). In the Richter Action, approximately 3,889 individuals have filed Consents to Become Party

Plaintiffs and have identical claims and allegations as the individual cases listed in Exhibits A and B.

At the time of the filing of this Motion, Plaintiffs do not believe motions for summary judgment are pending in any of the cases identified in Exhibits A, B and C. It is Plaintiffs' intention **_not_** to move the cases that have summary judgment pending back to the MDL. As far as the majority of the cases on the list, there has been little to no discovery exchanged or taken while the cases have been pending in jurisdictions outside the Northern District of Alabama.

Although Defendants maintain that it does not want the listed actions transferred via MDL back to Judge Coogler, it is important to note that a few weeks ago they formally requested Judge Coogler to keep the majority of these cases and not send them out so that discovery could, in fact, be completed. (Attached as Exhibit D is Defendants' Opposed Motion to Continue Discovery Deadlines, to Establish Settlement Deadlines for a Set Number of Cases, or in the Alternative, Motion to Transfer Cases in Discovery Groups I & II to Appropriate Jurisdictions). Moreover, Defendants are the parties that wanted the MDL created in the first place. Defendants filed its Motion to Transfer and Consolidate Pre-Trial Matters Pursuant to 28 U.S.C. § 1407 with the Panel on Multi-District Litigation on June 28, 2004. As a result of Defendants' Motion, the In Re: Dollar General Corp. Fair Labor Standards Act Litigation MDL was created.

There is no dispute that Judge Coogler has agreed to administer the discovery phase of these remaining cases as he has successfully done over the last several years.[1] There is little dispute that allowing the Northern District of Alabama to continue administration will lessen the burden on the judicial system and the parties. As all are aware, it was Defendants that originally moved for the creation of the MDL. In addition to the foregoing, Plaintiffs state the following:

---

[1] Judge Coogler set approximately 40 cases for trial, all of which have been resolved. While overseeing at least part of these cases, of the 1,600 individual lawsuits filed, approximately 600 cases have been resolved by the parties.

2

1. Currently pending against Defendants are approximately 948 individual actions and a collective action in which numerous Dollar General store managers contend that Defendants owe them overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, because Defendants misclassified them as exempt from the FLSA's coverage.

2. Plaintiffs filed this Motion in order to secure transfer of these matters to multidistrict litigation. In support of this Motion, Plaintiffs offer the following evidence, which is attached hereto: (a) schedules of the cases being transferred (See Exhibits A, B, & C); (b) a copy of Defendants' Opposed Motion to Continue Discovery Deadlines (See Exhibit D); (c) a copy of the Complaint in the Richter Action (See Exhibit E); (d) a copy of the Amended Complaint filed for the 1600 individual cases (See Exhibit F); and (e) a copy of the order certifying a nationwide class in the Richter Action (See Exhibit G).

3. For the reasons set forth more fully in the simultaneously filed Memorandum in Support, the Northern District of Alabama is the most appropriate transferee court. The Northern District of Alabama is the most appropriate transferee forum for all actions because (a) the lawsuits raise common questions of fact and law which are likely to spawn claims in several different districts; (b) the Northern District of Alabama has extensive experience and knowledge of facts and law specific to this matter; and (c) the Northern District of Alabama will promote the just and efficient conduct of the action.

4. Accordingly, this Panel should enter an order transferring each of these matters to the Northern District of Alabama and consolidate them for pre-trial purposes.

WHEREFORE, for the reasons more fully set forth in the simultaneously filed Memorandum in Support of this Motion, Plaintiffs ask that their Motion to Re-Open, Transfer and Consolidate Pre-trial Matters Pursuant to 28 U.S.C. § 1407 in the Northern District of

Alabama be granted, and that Plaintiffs be granted any other such relief to which they may be justly entitled.

          Respectfully submitted,

          /s/ Jere L. Beasley

Jere L. Beasley
W. Daniel Miles, III
Roman A. Shaul
C. Lance Gould
**BEASLEY, ALLEN, CROW METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103
Telephone: (334) 269-2343
Facsimile: (334) 954-7555
jere.beasley@beasleyallen.com
dee.miles@beasleyallen.com
roman.shaul@beasleyallen.com
lance.gould@beasleyallen.com

J. Allen Schreiber
P. Mark Petro
**SCHREIBER & PETRO PC**
Two Metroplex Drive, Suite 107
Birmingham, Alabama 35209
Telephone: (205) 871-5080
Facsimile: (205) 879-6960
allen@sppclaw.com
ppetro@sppclaw.com



BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: DOLLAR GENERAL CORP. FAIR
LABOR STANDARDS ACT LITIGATION

MDL No. 1635

---

### MEMORANDUM IN SUPPORT OF MOTION TO RE-OPEN, TRANSFER AND CONDOLIDATE PRE-TRIAL MATTERS PURSUANT TO 28 U.S.C. § 1407 IN THE NORTHERN DISTRICT OF ALABAMA

---

### I.   INTRODUCTION

Currently pending against the Defendants are individual actions and a collective action in which Dollar General store managers contend that the Defendants owe them overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a result of store managers being misclassified as employees exempt from the FLSA's coverage. Plaintiffs file this Motion to Transfer these matters to multidistrict litigation. Attached to the Motion as Exhibits A and B are schedules containing the individual actions which Plaintiffs seek to transfer to multidistrict litigation. The collective action which Plaintiffs seek to transfer to multidistrict litigation is <u>Cynthia Richter, on behalf of herself and others similarly situated v. Dolgencorp, Inc., Dolgencorp of New York, Dolgencorp of Texas, and Dollar General Partners</u>, Civil Action No. 7:06-cv-01537-LSC, in the U.S. District Court for the Northern District of Alabama (the "Richter Action"). (<u>See</u> Exhibit C attached to the Motion.) For the reasons set forth below, the Northern District of Alabama is the most appropriate transferee court. Accordingly, this Panel should enter an order re-opening and transferring each of these matters to the Northern District of Alabama and consolidating them for pre-trial purposes.

II. **FACTUAL BACKGROUND**

    A.     **DEFENDANTS MOVED TO CREATE THE ORIGINAL MDL**

The original MDL was created at the request of all Defendants. Defendants filed its Motion to Transfer and Consolidate Pre-Trial Matters Pursuant to 28 U.S.C. § 1407 with the Panel on Multi-District Litigation on June 28, 2004. As a result of Defendants' Motion, the In Re: Dollar General Corp. Fair Labor Standards Act Litigation MDL was created. After the MDL was established, each Plaintiff that was pursuing claims not filed in the Northern District of Alabama either dismissed their claims or were allowed to join in the Brown action. Accordingly, the MDL was closed since no additional cases existed outside of Brown. Defendants now oppose the re-opening of the MDL and transfer of over 800 cases to a single judge for consolidation.[1] Although Defendants' position on the creation of a "formal" MDL has since changed, the practical result is that a majority of these cases have benefitted from having a single judge administer the discovery phase of this litigation. In essence, Plaintiffs simply seek to maintain the status quo.

    B.     **JUDGE L. SCOTT COOGLER'S ADMINISTARTION OF THE INDIVIDUAL CASES**

The case of Brown, et al. v. Dolgencorp, Inc., Civil Action No. 7:02-cv-673-UWC, U.S. District Court for the Northern District of Alabama, Western Division, is the genesis of all the individual cases. Brown was a collective action lawsuit filed against Defendants in the Northern District of Alabama in 2002 before the Honorable U. W. Clemon. On or about August 4, 2006, Brown was decertified after one week of trial, in part based on problems associated with an expert witness. The 12 named Plaintiffs in Brown were ordered to continue in the trial and were subsequently resolved. On August 7, 2006, immediately following the decertification of Brown,

---

[1] As recent as March 12, 2010, Defendants argued in support of extending the discovery deadlines so that Judge Coogler could continue administration of these same cases (See Exhibit D attached to the Motion).

2

two lawsuits were filed in the Northern District of Alabama. The first lawsuit consisted of the opt-in plaintiffs left over from the decertification of Brown (herein after referred to as the "Gray" lawsuit).[2] This case was filed as a single action with approximately 2,485 Plaintiffs. The second lawsuit was filed as a collective action and consisted of individual plaintiffs and opt-ins who had never asserted FLSA claims against Defendants (hereinafter referred to as the "Richter" Action).[3] Both lawsuits were assigned to District Judge L. Scott Coogler. By agreement of the parties, any new case that was filed would also be consolidated in front of Judge Coogler.

In November 2006, Judge Coogler entered orders dismissing approximately 900 plaintiffs for various reasons, including statute of limitations and failure to respond to discovery requests. On or about November 3, 2006, Judge Coogler decided that the individual plaintiffs in Gray should be severed and each assigned their own case numbers. Judge Coogler, in conjunction with all parties, agreed that he would oversee and continue administration of the discovery in the individual cases. When discovery was almost complete, the parties agreed that they would be transferred out for trial to the federal jurisdiction where each plaintiff had been employed. However, for the individual cases that would ultimately be tried in the Northern District of Alabama, Judge Coogler entered a scheduling order and set them for trial.

Prior to the first trial setting, Judge Coogler granted Defendants' Motion for Summary Judgment.[4] That case was appealed to the Eleventh Circuit Court of Appeals. Upon review and oral argument, the Appeals court asked Judge Coogler to revisit his decision in light of a new opinion that he did not have the benefit of reviewing prior to his original granting of summary judgment. On review, Judge Coogler reversed his decision and denied Defendants' motion for

---

[2] Gray v. Dolgencorp. Inc. et al., Civil Action No. 7:06-cv-01538-LSC (N.D. Ala.).
[3] Richter v. Dolgencorp, Inc., et al., Civil Action No. 7:06-CV-01537-LSC (N.D. Ala.).
[4] The memorandum of opinion entered by Judge Coogler was 47 pages long, which demonstrates the fact-intensive nature of the FLSA primary duty inquiry, as well as Judge Coogler's knowledge of the facts of these cases.

3

summary judgment and ordered the parties to proceed to trial.[5] The first case was subsequently resolved between the parties. Since the original trial setting of 7 individual plaintiffs, Judge Coogler has set a total of approximately 40 Plaintiffs for trial, all of which have been resolved.

Since Judge Coogler's involvement in these cases began in August 2006, over 1500 cases have been resolved and/or dismissed. He has held numerous hearings and entered a significant number of rulings and orders. However, consistent with his instructions to the parties throughout his administration, he has been very clear that he would not continue oversight of these cases *unless an MDL was set up*. This was due, in large part, to the federal reporting requirements that the court was under considering the length of time these cases had been active.

By agreement of the parties, the District Court has transferred approximately 400 cases out to various jurisdictions. However, on March 30, 2010, the District Court transferred out all the remaining individual cases. This transfer was not at the request of the parties, but instead, consistent with Judge Coogler's early instruction that he would not continue to oversee these cases past a certain date, unless and until an MDL was established. Judge Coogler has informed the parties that he would be willing to continue administration, *after the cases are transferred out*, if an MDL is subsequently established.

C.  **COLLECTIVE ACTION**

By order dated October 19, 2009, Judge Coogler in the Richter Action ordered that the parties proceed with the agreed upon plan of providing nationwide notice to all individuals in the affected class.[6] Attached to the Motion as Exhibit G is a copy of the order certifying a nationwide class in the Richter Action. The court in the Richter Action ordered that notice be issued to all persons employed as Dollar General store managers from August 7, 2003 to the

---

[5] Judge Coogler has also denied summary judgment in subsequent cases set for trial and denied interlocutory appeal.
[6] This case was certified on March 23, 2007. It was stayed pending a decision in Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1269 (11th Cir. 2008). The stay was lifted October 19, 2009.

4

present. The notices were sent to the nationwide class and 3,889 individuals filed Consents to Become Party Plaintiffs in the Richter Action.

### III. ARGUMENT AND AUTHORITIES

The Northern District of Alabama is the appropriate transferee forum for the individual actions and the Richter Action because (1) the numerous lawsuits raise common questions of fact and law; (2) the Northern District has extensive knowledge of facts and law as a result of presiding over these cases for several years; and (3) the Northern District will promote the just and efficient conduction of the action.

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pre-trial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation . . . upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

28 U.S.C. § 1407(a).

Moreover, matters concerning the Richter Action should be included in the coordinated or consolidated pretrial proceedings in order to prevent inconsistent rulings and to promote judicial efficiency. See In re Piper Aircraft Distribution Sys. Antitrust Litig., 405 F.Supp. 1402, 1403-04 (J.P.M.L. 1975)("As the Panel has held in several past litigations, matters concerning class action certification should be included in the coordinated or consolidated pretrial proceedings in order to prevent inconsistent rulings and promote judicial efficiency.").

#### A. COMMON QUESTIONS OF LAW AND FACT EXIST

Common questions of law and fact exist in all cases Plaintiffs wish to transfer. There is perhaps no better evidence of this than Defendants filing of "common" briefs in some jurisdictions, which are briefs applicable to all Plaintiffs within the particular district. This is done to prevent duplicative submission of evidence and arguments which are applicable to all.

5

All Plaintiffs are current or former store managers for Defendants. They all assert violations arising under the FLSA. Specifically, they argue that they were misclassified and, thus, wrongfully denied overtime pay because their primary duty was not management. Rather, they all assert that the most important job duties they performed were non-managerial duties performed by other employees who received overtime compensation. They all worked in excess of 40 hours each week with no overtime compensation.

Discovery will focus on the specific job duties the Plaintiffs performed, the amount of time spent performing those duties, what job duties were the most important, how much managerial discretion the Plaintiffs were allowed, how many hours were worked by the Plaintiffs, how much money the Plaintiffs earned each week, among other areas. This is the same for each Plaintiff, regardless of what state they were employed and what district their case is currently pending. There is no doubt that common questions of fact and law exist.

### B.   JUDGE COOGLER IS THE MOST KNOWLEDGEABLE TO CONDUCT PRE-TRIAL MATTERS

Judge Coogler of the Northern District of Alabama is the most knowledgeable when it comes to the FLSA violations asserted against Defendants by their current and former store managers. Due to the history of the cases, Judge Coogler has gained invaluable experience with the litigation. Knowledge of the facts, evidence, and law make Judge Coogler most appropriate to oversee pre-trial matters.

In fact, Judge Coogler has written a lengthy opinion addressing the facts, evidence, and law when initially granting a summary judgment motion filed by Defendants against a few former store managers. Judge Coogler's ruling was later vacated by the Eleventh Circuit and remanded. Judge Coogler again analyzed the facts, evidence, and law in an order denying the motion for summary judgment Defendants had filed. This experience is relevant because of the

6

fact-intensive nature of the FLSA primary duty inquiry. Judge Coogler knows what is and what is not relevant, so that he knows the best parameters to place on discovery. Judge Coogler has heard all the arguments. He has reviewed all the evidence. Judge Coogler knows the state of the law in the area of the FLSA. He has overseen the discovery process in cases involving the same Defendants, counsel, claims, law, facts, and evidence. His unquestionable knowledge makes him the most appropriate and efficient to oversee pre-trial matters in the cases Plaintiffs are seeking transfer of.

Judge Coogler's knowledge of the facts, evidence, and law cannot be overlooked. The outcome of all actions hinges on what was the "primary duty," or most important duty, of the Plaintiffs. This inquiry has been described as "necessarily fact-intensive . . . ." Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1264 (11th Cir. 2008). Defendants have recognized the fact-intensive nature of the FLSA's primary duty inquiry. No judge in the country is better suited to oversee pre-trial matters than Judge Coogler of the Northern District of Alabama.

### C. TRANSFER AND CONSOLIDATION WILL ELIMINATE MULTIPLE RULES AND DEADLINES ON DISCOVERY

Plaintiffs in the actions that transfer is sought for are represented by the same counsel. Likewise, Defendants are represented by the same counsel. Transfer and consolidation will allow for more efficient use of resources. Currently, counsel for all parties are having to follow multiple local rules and multiple orders issued by multiple courts. This causes counsel for the parties to have to keep up with and follow multiple discovery deadlines and follow different rules when conducting discovery.

Allowing pre-trial matters to be consolidated would allow for one set of rules and deadlines. This will be more efficient for the judicial system, as well as the counsel involved. There is no need in having multiple rules and deadlines on discovery when the information

7

sought in every jurisdiction is essentially the same. One court can oversee this process and save judicial resources. And who better to oversee the process than Judge Coogler, who has been overseeing the litigation for years.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs ask that their Motion to Re-Open, Transfer and Consolidate Pre-trial Matters Pursuant to 28 U.S.C. § 1407 in the Northern District of Alabama be granted, and that Plaintiffs be granted any other such relief to which they may be justly entitled.

Respectfully submitted,

Jere L. Beasley
W. Daniel Miles, III
Roman A. Shaul
C. Lance Gould
**BEASLEY, ALLEN, CROW METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103
Telephone: (334) 269-2343
Facsimile: (334) 954-7555
jere.beasley@beasleyallen.com
dee.miles@beasleyallen.com
roman.shaul@beasleyallen.com
lance.gould@beasleyallen.com

J. Allen Schreiber
P. Mark Petro
**SCHREIBER & PETRO PC**
Two Metroplex Drive, Suite 107
Birmingham, Alabama 35209
Telephone: (205) 871-5080
Facsimile: (205) 879-6960
allen@sppclaw.com
ppetro@sppclaw.com

FILED
US DISTRICT COURT
WESTERN DISTRICT OF KY
APR 26 PM 12: [illegible]

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: DOLLAR GENERAL CORP. FAIR
LABOR STANDARDS ACT LITIGATION        MDL No. 1635

## Proof of Service

I hereby certify that a copy of the foregoing Motion, Brief, Exhibits (including Schedule of Actions) and this Certificate of Service was served by First Class Mail on April 23, 2010, to the following:

*/s/ C. Lance Gould*

| | |
|---|---|
| Jere L. Beasley | J. Allen Schreiber |
| W. Daniel Miles, III | P. Mark Petro |
| Roman A. Shaul | **SCHREIBER & PETRO PC** |
| C. Lance Gould | Two Metroplex Drive, Suite 107 |
| **BEASLEY, ALLEN, CROW** | Birmingham, Alabama 35209 |
| **METHVIN, PORTIS & MILES, P.C.** | Telephone: (205) 871-5080 |
| Post Office Box 4160 | Facsimile: (205) 879-6960 |
| Montgomery, Alabama 36103 | allen@sppclaw.com |
| Telephone: (334) 269-2343 | ppetro@sppclaw.com |
| Facsimile: (334) 954-7555 | **Counsel for Plaintiffs:** |
| jere.beasley@beasleyallen.com | See Exhibits B & C |
| dee.miles@beasleyallen.com | |
| roman.shaul@beasleyallen.com | |
| lance.gould@beasleyallen.com | |
| **Counsel for Plaintiffs: See Exhibits A, B & C** | |

Ronald E. Manthey
Joel S. Allen
Melissa M. Hensley
**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street, Suite 3200
Dallas, Texas 75201
Telephone: (214) 466-4000
Facsimile: (214) 466-4001
ron.manthey@morganlewis.com
joel.allen@morganlewis.com
melissa.hensley@morganlewis.com
**Counsel for Defendants: Dolgencorp, Inc.;**
**Dolgencorp of New York; Dolgencorp of Texas;**
**Dollar General Partners**

Clerk, Middle District of Alabama
Post Office 711
Montgomery, Alabama 36101-0711

Clerk, Northern District of Alabama
Hugo L. Black U.S. Courthouse
1729 Fifth Avenue North
Birmingham, Alabama 35203

Clerk, Southern District of Alabama
113 St. Joseph Street
Mobile, Alabama 36602

Clerk, Eastern District of Arkansas
600 W. Capitol Avenue, Room A149
Little Rock, Arkansas 72201

Clerk, District of Delaware
844 N. King Street, Unit 18
Wilmington, Delaware 19801-3570

Clerk, Middle District of Florida
401 West Central Blvd., Suite 1200
Orlando, Florida 32801-0120

Clerk, Southern District of Florida
400 North Miami Avenue, 8th Floor
Miami, Florida 33128

Clerk, Northern District of Georgia
75 Spring Street, SW
Atlanta, Georgia 30303-3361

Clerk, Southern District of Illinois
750 Missouri Avenue
P.O. Box 249
East St. Louis, Illinois 62202

Clerk, Northern District of Indiana
102 Robert A. Grant Courthouse
204 South Main Street
South Bend, Indiana 46601

Clerk, Southern District of Indiana
Birch Bayh Federal Building and
United States Courthouse
46 East Ohio Street, Room 105
Indianapolis, Indiana 46204

Clerk, Northern District of Iowa
4200 C Street, SW
Cedar Rapids, Iowa 52404

Clerk, Southern District of Iowa
123 East Walnut
Des Moines, Iowa 50309

Clerk, Eastern District of Kentucky
101 Barr Street, Suite 206
P.O. Drawer 3074
Lexington, Kentucky 40588-3074

Clerk, Western District of Kentucky
601 W. Broadway, Room 106
Gene Snyder United States Courthouse
Louisville, Kentucky 40202

Clerk, Eastern District of Louisiana
500 Poydras Street, Room C151
New Orleans, Louisiana 70130

Clerk, Middle District of Louisiana
777 Florida Street, Suite 139
Baton Rouge, Louisiana 70801-1712

Clerk, Western District of Louisiana
300 Fannin Street, Suite 1167
Shreveport, Louisiana 71101-3083

Clerk, District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201

Clerk, Eastern District of Michigan
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 564
Detroit, Michigan 48226

Clerk, Western District of Michigan
399 Federal Building
110 Michigan Street, NW
Grand Rapids, Michigan 49503

Clerk, Northern District of Mississippi
Thomas G. Abernathy Federal Building
301 W. Commerce Street
P.O. Box 704
Aberdeen, Mississippi 38701

Clerk, Southern District of Mississippi
P.O. Box 23552
Jackson, Mississippi 39225-3552

Clerk, Western District of Missouri
Charles Evans Whittaker Courthouse
400 East 9th Street
Kansas City, Missouri 64106

Clerk, District of Nebraska
593 Federal Building
100 Centennial Mall North
Lincoln, Nebraska 68508-3803

Clerk, Northern District of New York
James T. Foley – U.S. Courthouse
445 Broadway, Room 509
Albany, New York 12207-2924

Clerk, Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Clerk, Eastern District of North Carolina
Terry Sanford Federal Building & Courthouse
310 New Bern Avenue
Raleigh, North Carolina 27601

Clerk, Middle District of North Carolina
324 West Market Street, Suite 401
Greensboro, North Carolina 27401

Clerk, Western District of North Carolina
401 West Trade Street
Charlotte, North Carolina 28202

Clerk, Northern District of Ohio
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1830

Clerk, Southern District of Ohio
Potter Stewart U.S. Courthouse, Room 103
100 East Fifth Street
Cincinnati, Ohio 45202

Clerk, Eastern District of Pennsylvania
2609 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106-1797

Clerk, Middle District of Pennsylvania
William J. Nealon Federal Building &
U.S. Courthouse
235 North Washington Avenue
P.O. Box 1148
Scranton, Pennsylvania 18501

Clerk, Western District of Pennsylvania
Unites States Courthouse
700 Grant Street
Pittsburgh, Pennsylvania 15219

Clerk, District of South Carolina
Matthew J. Perry, Jr. Courthouse
901 Richland Street
Columbia, South Carolina 29201

Clerk, Eastern District of Tennessee
800 Market Street, Suite 130
Knoxville, Tennessee 37902

Clerk, Middle District of Tennessee
801 Broadway
Nashville, Tennessee 37203

Clerk, Western District of Tennessee
167 North Main Street
Memphis, Tennessee 38103

Clerk, Eastern District of Texas
211 West Ferguson Street, Room 106
Tyler, Texas 75702

Clerk, Northern District of Texas
1100 Commerce Street, Room 1452
Dallas, Texas 75242

Clerk, Southern District of Texas
Post Office Box 61010
Houston, Texas 77208

Clerk, Western District of Texas
200 West 8th Street, Room 130
Austin, Texas 78701

Clerk, Eastern District of Virginia
Albert V. Bryan U.S. Courthouse
401 Courthouse Square
Alexandria, Virginia 22314

Clerk, Western District of Virginia
P.O. Box 1234
Roanoke, Virginia 24006

Clerk, Northern District of West Virginia
500 West Pike Street, Room 301
P.O. Box 2857
Clarksburg, West Virginia 26302

Clerk, Southern District of West Virginia
P. O. Box 2546
Charleston, West Virginia 25329